SCOTT E. BRADFORD, OSB#062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **25-cr-00250-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ELI VICTOR MCKENZIE,** | |
| **Defendant.** | |

Defendant is before the Court charged with a petty offense, failing to obey a lawful order in violation of 41 C.F.R. § 102.74.385. The government anticipates defendant will be pleading guilty to the offense as alleged pursuant to a plea agreement. The parties have agreed to jointly recommend a sentence of 12 months' probation, a $5 special assessment, with a special condition that defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement (ICE) Building in Portland, Oregon.

The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct, accounts for defendant's history and

**Government's Sentencing Memorandum**                                              **Page 1**

characteristics, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

## I.     PROCEDURAL POSTURE

### A.     The Charges and Plea Agreement

On June 16, 2025, defendant was arrested and charged by misdemeanor information alleging the class C misdemeanor crime of failing to obey a lawful order in violation of Title 40, United States Code, Section 1315 and Title 41. On June 17, 2025, the court held an initial appearance and arraigned defendant on the charges. Defendant was released on conditions that prohibited defendant from entering the area surrounding the ICE Building in Southwest Portland, Oregon.

Defendant has agreed to plead guilty to this offense, and the parties have agreed to jointly recommend a 12-month probationary sentence. As part of this agreement, the government has agreed not to file any additional charges against defendant from the facts surrounding the night of defendant's arrest. The parties agree to jointly recommend one year (12 months) probation, order defendant to pay a $5 fee assessment, and abide by all the mandatory conditions of probation (USSG § 5D1.3(a)(1)-(8), and an agreed upon discretionary condition of probation that defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area. USSG § 5D1.3(b)

The plea agreement is silent as to the standard conditions of probation (USSG § 5D1.3(c)(1)-(13). The government recommends the standard conditions are appropriate due to

defendant's prior protest related criminal activity, and recommends the standard conditions be imposed. The government anticipates defendant will oppose the standard conditions.

**B.     The Pre-Sentence (PSR) Guideline Calculation**

Since this is a petty offense, the parties have agreed that a PSR is not necessary. Pursuant to the plea agreement, the parties agree that the sentencing guidelines do not apply. USSG § 1B1.9, and that the Court may impose any sentence authorized by statute.  The statutory maximum for this crime is 30 days' imprisonment.

**C.     The Parties' Recommended Sentence**

Although the guidelines do not apply, 18 U.S.C. § 3553(a) still does. To account for all 3553(a) factors, including defendant's early indication of an intent to resolve, defendant's resolution without unnecessary motions, and to avoid unwarranted sentencing disparities with other similarly situated defendants, the parties have agreed to a joint recommendation of 12 months' probation as sufficient but not more than necessary to serve the purposes of sentencing.

The parties dispute the imposition of the standard conditions of probation listed at USSG § 5B1.3(c)(1)-(13). The plea agreement is silent as to these conditions. The government recommends these conditions because they are appropriate in this instance because it will allow the probation office to effectively supervise defendant, ensure defendant's rehabilitation, and protect the community from further crimes by defendant. The standard conditions are not onerous. They involve common sense requirements for effective supervision including requirements that defendant report to the probation department, not leave the jurisdiction without permission, truthfully answer a probation officer's questions, reside at an approved location, allow probation officer visits to defendant's residence, maintain full employment, not communicate with

individuals engaged in criminal activity, report any law enforcement contacts to probation, possess no weapons/firearms, and comply with probation officer's instructions. These conditions are prudent and pragmatic conditions for any convicted defendant, especially one with a prior conviction for protest related criminal activity as discussed below.

This sentence reflects the seriousness of defendant's conduct, considers defendant's history and characteristics, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public from further crimes of defendant, is consistent with the federal sentencing guidelines, avoids unwarranted sentence disparities, and is sufficient but not more than necessary to achieve the goals of sentencing for defendant's crimes.

## II.    ARGUMENT

Beginning in early June 2025, protesters were assembling in front of and around the Immigration and Customs Enforcement (ICE) building in the South Waterfront neighborhood of Portland, Oregon. The ICE building is located at 4310 SW Macadam Avenue, with access to the building on South Boundary Street. During daylight hours, some of the attendees at the demonstration have harassed both people entering and leaving the facility by following them with cameras making disparaging remarks and threatening statements, including stating that that they know where the individual lives or that they will find them.

On June 16, 2025, at approximately 11:00pm. Federal Protective Service (FPS), Immigration and Customs Enforcement, and Border Patrol officers were conducting a shift change which required the facility's gate to be opened for vehicles to exit. Approximately 25 people with masks, goggles, and ad-hoc shields lined up in the driveway of the facility on federal property facing the facility vehicle gate.

Using a Long-Range Acoustic Device (LRAD), FPS announced the following message to the crowd, "This is the Federal Protective Service. The facility is closed and not open to the public. Stay out of the area of the driveway to allow for vehicular traffic. Remain on the sidewalk or across the street. Anyone, to include the press, trespassing on federal property is subject to arrest." Officers opened the gate and advanced on the protestors at a slow rate to allow for compliance. Below is an image of the protesters blocking the driveway. Defendant was in the line of protesters wearing a face mask and white helmet (circled in red):



The gate was opened and a line of officers with shields advanced on the crowd to clear the driveway for exiting law enforcement vehicles. The crowd had organized themselves in a line with shields facing the officers. When the two lines met in the driveway some of the trespassers pushed against the officers, held firm in place, or attempted to pull officer's shields down while others retreated from federal property. Defendant was positioned in a low crouch behind a make-shift plastic shield. The advancing officers' shields contacted the protesters' shield wall to remove the driveway obstruction. Some protesters fled, defendant held fast, pushing against the advancing

officers. Eventually defendant fell backwards and attempted to crawl away from the officers who were trying to detain defendant. Eventually officers subdued and arrested defendant.

### C. A 12-Month Probationary Sentence is Warranted

The recommended sentence in this case recognizes the seriousness of the offense, provides just punishment, and sets forth appropriate conditions to protect the community from further crimes by defendant. The parties' joint recommendation is a considered and measured recommendation which avoids sentencing disparities among similarly situated defendants. Further reductions are not warranted.

The seriousness of defendant's conduct is evident from the facts of the case. Defendant engaged in protest related criminal activity by refusing to depart government property as instructed. Defendant had to be forcibly dislodged from the premises and was subsequently arrested. Defendant spent the holiday weekend in jail before appearing in federal court wherein defendant was charged in this case.

Eli McKenzie has engaged in protest related criminal activity before. In 2023, defendant was charged in Multnomah County Circuit Court case number 23CR54925 with felony criminal mischief and misdemeanor criminal trespass charges. According to a probable cause affidavit, On November 9, 2023 defendant was protesting at the World Trade Center in Portland, Oregon when he and others picked up a table, used it as a battering ram and destroyed a sliding glass door. Defendant was alleged to have caused over $1000 in damage to PGE property. Defendant was convicted of that case of criminal mischief in the first degree, which was sentenced as a misdemeanor. Defendant was ordered to perform 20 hours of community service as a condition of defendant's six-month term of bench probation. Defendant was ordered to pay $15,825 in

restitution. The record reflects defendant performed 21 hours and 15 minutes of community service to the Oregon Food Bank.

Defendant as thus far demonstrated an ability to comply with the conditions of pretrial release which required defendant to stay away from the area surrounding the ICE building. The parties recommend the Court continue this prohibition as a condition of probation.

## VI.  CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of one year (12 months) probation, order defendant to pay a $5 fee assessment, and abide by all the mandatory conditions of probation (USSG § 5D1.3(a)(1)-(8), and the agreed upon discretionary condition of probation (USSG § 5D1.3(b)) that defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

The government further recommends all the standard conditions of probation pursuant to USSG § 5D1.3(c)(1)-(13).

Dated: October 3, 2025.

Respectfully submitted,

SCOTT E. BRADFORD,
United States Attorney


_____
PAUL T. MALONEY, OSB #013366
Assistant United States Attorney